No. 1998.—WASHINGTON JACKSON, JR., Appellant v. JOHN YOIST, Administrator, Appellee.

When the holder of a promissory note has suffered it to prescribe in his hands he cannot invoke the maxim, *contra non valentem agere non currit prescriptio*, to relieve it from the effect of the plea of prescription. This maxim has no application under our system of jurisprudence. See the case of Rabel v. Pourciau, 20 An. 131. Smith v. Stewart. (Ante page 67.)

APPEAL from Seventh District Court, parish of Pointe Coupee. *Posey*, J., of the Fifth District Court, presiding. *Cooley & Philips*, for plaintiff. *Race, Foster & E. T. Merrick* and *A. Provosty*, for defendant.

LUDELING, C. J.  Plaintiff sues to recover the amount of a promissory note and to enforce the mortgage given to secure the same.

Defendant pleads the prescription of five and ten years to the note and ten years to the mortgage, and alleges that the land, the object of the contract of mortgage, has been sold by order of the court in due course of administration of the estate of W. M. Guin, deceased, and the proceeds appear as assets in the final account of said estate pending before the court for homologation.

On the trial, the plea of prescription was sustained, and plaintiff's action dismissed.  Plaintiff has appealed.

The note declared upon was made on sixth November, 1857, payable four years after date, to wit: sixth November, 1861.  This suit was filed on twentieth January, 1868, more than six years after the maturity of the note.  The mortgage was inscribed in the mortgage office on the ninth day of November, 1857, and was not reinscribed till thirteenth day of January, 1868, more than ten years thereafter.

We find in the record no evidence of the renunciation of prescription, nor any acknowledgement or promise to pay made by the defendant interrupting prescription.

Plaintiff has introduced evidence proving that in March, 1863, General Banks' army passed through the parish of Pointe Coupee, that sometimes the Confederates and sometimes the Federals were riding over the parish, and at various times there was skirmishing between the Federals and Confederates and there was a general uneasiness and alarm in the parish; that this state of things continued from that time till the surrender of the Confederate armies.

It is also in evidence that the clerk and sheriff of the parish were sworn in on sixteenth June, 1865.

The prescription of five years did not accrue on the note till sixth day of November, 1866, more than sixteen months after the organization of the clerk's and sheriff's offices in the parish of Pointe Coupee. The plaintiff had ample time to institute his action during this period. But he seems to have slumbered on his rights till twentieth January, 1868, when this suit was filed.  After delaying the filing of his suit from the month of June, 1865, when the war ended, till twentieth January, 1868, he cannot avoid the consequences of his tardy action by claiming the allowance of the *utile tempus*.

The maxim *contra non valentem agere non currit prescriptio* cannot relieve plaintiff of the plea of prescription.  (See the case Rabel v. Pourciau, 20 A. 131, and the authorities there cited.)

It is therefore ordered that the judgment appealed from be affirmed with costs.